TOWN OF WARSAW v. C. N. MALONE.

(Filed 9 October, 1912.)

Cities and Towns — Bond Issues — Bridges—Necessary Expense— Legislative Restrictions—Vote of the People.

> The building of bridges is a part of the necessary municipal expense. Hence an act which authorizes a bond issue in a certain amount "to establish a better sewerage system, etc., and other public improvements," requiring that the question of the issuance of the bonds be first submitted to the qualified voters of the town, includes bridges within its terms, and restricts the issuance of bonds for that purpose within the requirements of the act.

APPEAL by plaintiff from *Carter, J.,* at August Term, 1912, of DUPLIN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Johnson & Johnson for plaintiff.*
*Charles N. Malone for defendant.*

CLARK, C. J. This is an action submitted without controversy under Revisal, 803. In July, 1912, the commissioners of the town of Warsaw passed an ordinance to issue $5,000 in town bonds running thirty years and bearing 6 per cent interest, to be sold at not less than par, "the proceeds to be used exclusively for the purpose of building and maintaining bridges in the town of Warsaw." The purchaser declined to accept the bonds, alleging their invalidity, and this is an action to compel him to do so.

The defendant does not contest that bridges are a necessary municipal expense and that the town, in the absence of legislative restriction, would have the power to issue bonds for that purpose (*Fawcett v. Mount Airy*, 134 N. C., 125), but he relies upon chapter 204, Private Laws 1909. The preamble and section 1 of that act provides for the issuance by the town of $5,000 in bonds "to establish a better sewerage system and drainage system and other public improvements." The act provides that the question of the issuance of the said bonds should be first submitted to the qualified voters of said town.

The above act of 1909, which fixes the amounts of bonds that could be issued and the purposes for which the proceeds could be used, and requiring the issuance to be first submitted to the qualified voters of the town, was intended as a restriction upon the power of the town to issue bonds even for necessary purposes. *Murphy v. Webb*, 156 N. C., 402. The words "sewerage system and drainage system and other public improvements" include bridges, which are certainly a public improvement. And this attempted issue of bonds in excess of the $5,000 and without submitting their issuance to the qualified voters is in violation of the act, which has thus restricted the amount of the bonds that could be issued for public improvements and which required even those to be submitted to the popular vote.

The judgment below which declared the attempted issue of these bonds to be invalid is

Affirmed.